**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LAURA LEE MILLER** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 21-1150C** |
| **THE UNITED STATES,** | ) | **(Judge Smith)** |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS *PRO SE* COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss plaintiff Laura Lee Miller's *pro se* complaint (ECF No. 1) because the complaint fails to state a claim within the Court's jurisdiction.[1]

Although the Tucker Act "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States," it "does not create a substantive cause of action" by itself. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). Thus, "to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.* In other words, a plaintiff "must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages." *Harvey v. United*

[1] Ms. Miller also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). Because this case should be dismissed for failure to state a claim within the Court's jurisdiction, that motion should be denied as moot. *See, e.g.*, *Harvey v. United States*, 132 Fed. Cl. 5, 6 (2016), *aff'd*, 683 F. App'x 942 (Fed. Cir. 2017) (dismissing *pro se* complaint for lack of subject matter jurisdiction and denying as moot the plaintiff's motion for leave to file *in forma pauperis*).

*States*, 683 F. App'x 942, 943 (Fed. Cir. 2017). Notably, the fact that "*pro se* filings are to be liberally construed . . . does not alleviate a plaintiff's burden to establish jurisdiction." *Id*. As a result, "even pro se plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

However, the complaint in this case fails to "identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages," *Harvey*, 683 F. App'x at 943. Because "plaintiff has failed to point to any basis, such as a statute or a contract, that entitles him to an award of money damages from the government," the "filing is insufficient to establish the court's jurisdiction, even under the lenient standard afforded to *pro se* plaintiffs." *Harvey*, 132 Fed. Cl. at 6; *see also id.* (dismissing *pro se* complaint for lack of subject matter jurisdiction on this basis).

Moreover, the complaint alleges that plaintiff is "concerned" regarding "the jury's denial" of an undefined disability claim followed by some details of her alleged disabilities. *See* Compl. at 1–3. Assuming plaintiff's allegations are true, this is an appeal from a jury trial and this court lacks jurisdiction. *See, e.g.*, *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("the Court of Federal Claims does not have jurisdiction to review the decisions of district courts"); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("this court does not have jurisdiction to review the decisions of state courts").

Because plaintiff has failed to identify a source creating the right to money damages and because plaintiff seems to be appealing from a jury's determination in another court, we respectfully request that the Court dismiss the complaint for lack of jurisdiction.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

/s/ Lisa L. Donahue
LISA L. DONAHUE
Assistant Director

/s/ Bret R. Vallacher
BRET R. VALLACHER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0465
Facsimile: (202) 305-2062
Email: bret.r.vallacher@usdoj.gov

April 15, 2021

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on April 15, 2021, I caused a copy of the foregoing filing to be served by U.S. Mail on Laura Lee Miller at 9704 Clark Place, No. 202, Manassas, VA 20110.

/s/ Bret R. Vallacher
BRET R. VALLACHER